**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RICHARD L. PARTRIDGE,

    Plaintiff-Appellant,

v.

CLINT S. JUDKINS and JOHN D.
SORGE, in their individual and
official capacities,

    Defendants-Appellees.

No. 97-4133
(D.C. No. 97-CV-39J)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Richard L. Partridge, appearing pro se and seeking leave to proceed in forma pauperis, appeals the district court's dismissal of his complaint against

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Clint S. Judkins, a state court judge, and John D. Sorge, a county prosecutor. In his complaint, he alleged jurisdiction pursuant to Utah Code 78-3-4 and 42 U.S.C. §§ 1985 and 1986. Partridge sought declaratory judgment, equitable relief including injunctive relief, and both compensatory and punitive damages. We deny permission to proceed in forma pauperis and dismiss the appeal as frivolous.

This case arises out of Partridge's prosecution in Box Elder County Justice Court for various traffic violations. Judkins was the presiding judge and Sorge was the county prosecutor at Partridge's trial. According to Partridge's complaint, Judkins and Sorge denied him various procedural rights during the course of his criminal trial. The district court granted defendants' motion to dismiss, concluding Partridge's complaint failed to state a claim upon which relief could be granted. More specifically, the court concluded both defendants were entitled to absolute immunity from suit. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978) (discussing absolute judicial immunity); Imbler v. Pachtman, 424 U.S. 409, 420 (1976) (discussing prosecutorial immunity). In addition, because Partridge's claims called into question the validity of his underlying criminal convictions, the court concluded Partridge was required to first show his convictions had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87

(1994). The court further concluded Partridge's allegations concerning violation of his constitutional rights, including his right to due process, are issues more appropriately addressed by the state appellate court in a timely appeal from his state court convictions.

We have carefully reviewed the record on appeal and agree with the district court's expressed reasons for dismissal. Therefore, we conclude the appeal is frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

The appeal is DISMISSED and the request for permission to proceed in forma pauperis on appeal is DENIED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge